Chen v. Lynch

BIA
A089 920 857

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand sixteen.

PRESENT:
    GUIDO CALABRESI,
    DEBRA ANN LIVINGSTON,
    DENNY CHIN,
        *Circuit Judges.*
_____

MIN JUN CHEN,
        *Petitioner,*

    v.                                          15-632
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John W. Blakeley, Assistant Director; W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Min Jun Chen, a native and citizen of the People's Republic of China, seeks review of a February 13, 2015, decision of the BIA denying his motion to reconsider. *In re Min Jun Chen,* No. A089 920 857 (B.I.A. Feb. 13, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, because Chen has timely petitioned for review of the denial of a motion to reconsider, but not from the underlying decision for which reconsideration is sought, we review only the denial of his motion to reconsider. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). We review the denial of a motion to reconsider for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008).

The BIA did not abuse its discretion in concluding that Chen failed to identify any error of law or fact in its decision denying his motion to reopen. *See* 8 U.S.C. § 1229a(c)(6)(C);

2

8 C.F.R. § 1003.2(b)(1); *see also Jian Hui Shao*, 546 F.3d at 173. As the BIA determined, Chen was ineligible for a provisional unlawful presence waiver because he is subject to a final order of removal, *see* 8 C.F.R. § 212.7(e)(4)(vi), and he is ineligible to adjust status given his unlawful presence, *see* 8 U.S.C. § 1255(a). Accordingly, the BIA did not err in declining to reopen Chen's proceedings. *See In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 257 (B.I.A. 2002) (providing that motions to reopen may be denied if it is "determine[d] that a respondent's visa petition is frivolous or that adjustment would be denied in any event").

Chen argues that the BIA's decision declining to reopen his proceedings violates his rights to equal protection. He notes that the BIA grants reopening to admissible aliens who are eligible to adjust status pending adjudication of their applications to adjust status, and that he is likewise eligible to adjust status based on his marriage to a U.S. citizen (although he must first seek a waiver of his inadmissibility caused by his unlawful entry and apply for adjustment from abroad).

3

"To successfully assert an equal protection challenge, petitioners must first establish that the two classes at issue are similarly situated.  '[T]he government can treat persons differently if they are not similarly situated.'"  *Yuen Jin v. Mukasey*, 538 F.3d 143, 158 (2d Cir. 2008) (quoting *Jankowski-Burczyk v. INS*, 291 F.3d 172, 176 (2d Cir. 2002)). The groups Chen discusses are not similarly situated.  One group consists of aliens who were *lawfully admitted* to the United States and thus are eligible to adjust to lawful permanent resident ("LPR") status while remaining in the country.  The other group consists of aliens who entered the United States *unlawfully* and thus are not eligible to adjust to LPR status unless they are granted a discretionary waiver of inadmissibility and travel abroad for consular processing. *See id.* ("Aliens who disregard a final removal order and remain in the country illegally are not similarly situated to aliens who have complied with a final order but subsequently reenter the United States and try to seek relief."); *cf. Jankowski-Burczyk*, 291 F.3d at 178 ("[S]ince the INA creates separate classifications for LPRs and non-LPRs, and treats each class differently throughout, LPRs and non-LPRs are not

4

similarly situated, and different treatment of them by Congress does not violate the equal protection component of the Due Process Clause."). Accordingly, Chen's equal protection claim fails.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk